UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marilyn K. Puckett,

    Plaintiff,

    v.                                      Case No. 1:07cv701

Louis A. Puckett, *et al.*,                Judge Michael R. Barrett

    Defendants.

**ORDER**

    This matter is before the Court upon Defendant Central States, Southeast and Southwest Areas Pension Funds Motion to Dismiss. (Doc. 3) Plaintiff Marilyn K. Puckett has filed a Response in Opposition (Doc. 14) and Defendant has filed a Reply (Doc. 17).

**I.    BACKGROUND**

    Plaintiff filed a motion to enforce pension distributions and for injunction in the Brown County, Ohio, Court of Common Pleas, Division of Domestic Relations. Defendant was named as third-party defendant in the motion. Defendant removed the action to this Court based upon the pre-emptive effect of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Doc. 1)

    Plaintiff seeks to enjoin Defendant from disbursing funds to any beneficiaries of her deceased husband, Louis A. Puckett, who has also been named as a Defendant in this action. Plaintiff relies upon an October 29, 2004 Decree of Dissolution of Marriage which states that:

> Parties acknowledge that Husband has a Teamsters Pension. Wife shall be entitled to one-half of Husband's Pension. Said pension shall be divided

> equally between the parties based upon the value on the date of the final decree. The Pension shall be divided per a Qualified Domestic Relations Order.

(Doc. 9, Exs. D, E)

Louis Puckett died on March 13, 2007. On June 26, 2007, Defendant approved Debbie Puckett, Louis Puckett's wife at the time of his death, for a $10,000.00 Lump Sum Death Benefit. Defendant also approved Debbie Puckett for a fifty percent Surviving Spouse Benefit. On August 1, 2007, the Brown County Common Pleas Court restrained Defendant and Debbie Puckett from "making any disbursements, conducting any further disbursements, from distributing funds, or in any other way depleting the value of the pension of Louis A. Puckett through his Teamsters Pension, until such time as this matter is fully disposed of."

On August 3, 2007, Defendant advised Plaintiff that it should be dismissed from the Brown County case because it had never been presented with a Domestic Relations Order ("DRO") granting Plaintiff any rights as an alternate payee under the Central States Pension Plan, and Defendant had never been asked to determine whether any DRO could be considered to be a Qualified Domestic Relations Order ("QDRO"). In response, Plaintiff's attorney sent Defendant a copy of the Decree of Dissolution of Marriage and a proposed QDRO. Defendant replied that the neither document constituted a QDRO, and advised Plaintiff of her right to appeal this determination through Defendant's administrative appeals process.

Defendant argues that Plaintiff's state law claims are preempted by ERISA, and therefore her claims should be dismissed. Defendant explains that Plaintiff can either return to state court, amend her DRO, and then present the amended DRO to Defendant

for a determination of whether it is a QDRO; or appeal Defendant's decision administratively, and once the appeal has been completed, file a civil enforcement action under section 1132(a)(1)(B) of ERISA seeking her rights to plan benefits.

## II.   ANALYSIS

### A.   Motion to Dismiss Standard

Defendant brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

A motion to dismiss based on Rule 12(b)(1) for lack of subject matter jurisdiction must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D.Ohio 2002) (explaining that a Rule 12(b)(6) motion may be decided only after establishing subject matter jurisdiction since the Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction), *citing Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction. *Pritchard*, 210 F.R.D. at 592. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United*

*States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, Defendant's motion attacks the sufficiency of the pleadings, and is therefore a facial attack. In reviewing a motion on this basis, the court must take the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.*; *Moir v. Cleveland Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Under Rule 12(b)(6), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1964-65 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* at 1964-65 (citations omitted) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**B.** **Subject matter jurisdiction**

Defendant's argument that this Court lacks jurisdiction seems odd given the fact that it was Defendant who removed this action to this Court.

There appears to be no dispute that the pension plan at issue qualifies as an employee welfare benefit plan as defined by ERISA, 29 U.S.C. § 1002(1). ERISA preempts state law relating to such employee benefit plans. *See* 29 U.S.C. § 1144(a). However, state domestic relations orders which meet certain statutory specific requirements qualify as a QDRO are deemed exempt from ERISA preemption. 29 U.S.C.

§ 1144(b)(7).[1]

As the Sixth Circuit has explained, the scope of ERISA jurisdiction is not coterminous with the scope of ERISA preemption. *Seaman v. Johnson*, 2004 WL 435855, *4 (6th Cir. Mar. 4, 2004) (unpublished). Accordingly:

> Where, as here, the proper distribution of assets contained in an employee benefit plan is at issue, ERISA controls and presumptively preempts state law. 29 U.S.C. § 1144(a). Moreover, where the proper distribution of assets is arguably controlled by a state-court domestic relations order, the threshold question is whether that order represents a QDRO as defined by 29 U.S.C. § 1056 of ERISA.

*Id.* The initial question of whether a domestic relations order is a QDRO is one for the federal courts. *See Rouse v. DaimlerChrysler Corp. UAW Non-Contributory Plan*, 300 F.3d 711, 716 (6th Cir. 2002).

However, Plaintiff is not seeking a determination by this Court whether an order of the Brown County Domestic Relations Court is a QDRO. Plaintiff is also not seeking benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Instead, Defendant has attempted to remove a divorce action from state court to this Court. Federal courts do not have jurisdiction over such matters pursuant to the domestic relations exception, which encompasses "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).

Defendant's removal was based upon the state court's entry of an injunction, restraining Defendant from "making any disbursements, conducting any further

---

[1] The qualified domestic relations order provision was enacted by Congress as part of the Retirement Equity Act of 1984, Pub.L. 98-397, 98 Stat. 1426, which also provides that an "alternate payee under a qualified domestic relations order" is to be considered an ERISA plan "beneficiary." 29 U.S.C. § 1056(d)(3)(J). Former spouses can obtain a QDRO under which the former spouse becomes an "alternate payee." *Boggs v. Boggs*, 520 U.S. 833, 843 (1997).

disbursements, from distributing funds, or in any other way depleting the value of the pension of Louis A. Puckett through his Teamsters Pension, until such time as this matter is fully disposed of."

As one district court has noted, such proceedings in a state domestic relations court do not constitute a "civil action" as required by 28 U.S.C. § 1441(a). *Scales v. General Motors Corp. Pension Adm'r*, 275 F.Supp.2d 871, 875 (E.D.Mich. 2003) (finding a motion in divorce case for an order to show cause why former husband and pension administrator should not be held in contempt for failing to comply with orders of domestic relations court).[2]

Yet, as this Court has noted, there is authority that the joining of the pension plan administrator as a defendant transforms a state divorce action into an ERISA action. *Barnett v. Barnett*, 2006 WL 1982880, *3 (S.D.Ohio July 13, 2006) (unpublished), *citing Samaroo v. Samaroo*, 743 F.Supp. 309, 309 (D.N.J. 1990). However, in *Barnett*, the plaintiff filed a motion in the state court case to join the plan administrator as a new party defendant. 2006 WL 1982880, at *1. That motion was granted by the state court. *Id.* Here, while Plaintiff's motion and the state court's order identify Defendant as a "Third-Party Defendant," there is no indication by the state court that Defendant was ever actually made a party to the action.

Therefore, this Court finds that removal was improper, and this matter shall be

---

[2]The district court explained that while *Rouse v. DaimlerChrysler UAW Non-Contributory Plan*, 300 F.3d 711 (6th Cir. 2002) allowed removal under similar circumstances, the Sixth Circuit merely commented on jurisdiction in a footnote without any analysis, which the district court read as *dicta*. 275 F.Supp.2d at 876. Therefore, the court found *Rouse* not controlling on this issue.

remanded to the state court for lack of jurisdiction.  *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.     CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant Central States, Southeast and Southwest Areas Pension Funds Motion to Dismiss (Doc. 3) is **DENIED**; and this matter shall be **REMANDED** to the Brown County, Ohio, Court of Common Pleas, Division of Domestic Relations.  This matter shall be **CLOSED** and terminated from the docket of this Court.

**IT IS SO ORDERED.**

 */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court